TODD M. FRIEDMAN (SBN 216752)
SUREN N. WEERASURIYA (SBN 278521)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., Suite 725
Beverly Hills, California 90212
Telephone: 877-206-4741
Fax: 866-633-0228
*tfriedman@attorneysforconsumers.com*
*sweerasuriya@attorneysforconsumers.com*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
KRISTENSEN WEISBERG, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOSH SPECTOR, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCED MARKETING & PROCESSING, INC. dba PRECISION AUTO PROTECTION, a Florida Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES & INNJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> (1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* <br> (2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Josh Spector ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant ADVANCED MARKETING & PROCESSING, INC. dba PRECISION AUTO PROTECTION ("Defendant" or "Precision Auto Protection") and DOES 1 through 20, in negligently knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business at 14100 58th Street North, Clearwater, Florida 33760. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant does business within the State of California and the County of Los Angeles. Furthermore, Plaintiff is a resident of Los Angeles County and a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles

1  County.

2  **PARTIES**

3      4.    Plaintiff, Josh Spector ("Plaintiff"), is a natural person residing in

4  Los Angeles County in California.

5      5.    Defendant Precision Auto Services is a fictitious name owned,

6  controlled and operated by ADVANCED MARKETING & PROCESSING,

7  INC., with has its principal place of business, per the Florida Secretary of State,

8  as 14100 58th Street North, Clearwater, Florida 33760.  Plaintiff is informed and

9  believes that Defendant conducted and conducts business in Los Angeles

10  County.  The current registered agent for service of process is Joseph Rubino,

11  who is located at the same address above.

12      6.    The above named Defendant, and its subsidiaries and agents, are

13  collectively referred to as "Defendants."  The true names and capacities of the

14  Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are

15  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

16  names.  Each of the Defendants designated herein as a DOE is legally

17  responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

18  Court to amend the Complaint to reflect the true names and capacities of the

19  DOE Defendants when such identities become known.

20      7.    Plaintiff is informed and believes and thereon alleges that at all

21  relevant times, each and every Defendant was acting as an agent and/or

22  employee of each of the other Defendants and was the owner, agent, servant,

23  joint venturer and employee, each of the other and each was acting within the

24  course and scope of its ownership, agency, service, joint venture and

25  employment with the full knowledge and consent of each of the other

26  Defendants.  Plaintiff is informed and believes and thereon alleges that each of

27  the acts and/or omissions complained of herein was made known to, and ratified

28  by, each of the other Defendants.

8.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## FACTUAL ALLEGATIONS

9.     The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

10.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

11.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

12. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

13. Beginning on or around June 12, 2014 at approximately 11:32 a.m. Defendant contacted, or attempted to contact, Plaintiff on his cellular telephone at (310) 904-8261, in an attempt to communicate with Plaintiff regarding purchasing an extended automobile warranty. Defendant called Plaintiff from (310) 730-8005. Defendant used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to communicate with Plaintiff regarding services from "Precision Auto Protection."

14. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. At no time did Plaintiff enter into a business relationship with Defendant.

15. At no time did Plaintiff provide his cellular phone number to Defendant through any medium.

16. Upon information and belief, the purpose of these calls from Defendant or its agent/s was to solicit business from Plaintiff regarding one of Defendant's services.

17. The telephone number Defendant or its agents called was assigned

1  to a cellular telephone service for which Plaintiff incurs a charge for incoming
2  calls pursuant to 47 U.S.C. § 227(b)(1).

3       18.    Defendant's call(s) constituted calls that were not for emergency
4  purposes as defined by 47 U.S.C. § 227(b)(1)(A).

5       19.    Defendant's call(s) were placed to telephone numbers assigned to a
6  cellular telephone service for which Plaintiff incurs a charge for incoming calls
7  pursuant to 47 U.S.C. § 227(b)(1).

8       20.    Defendant never received Plaintiff's "prior express consent" to
9  receive calls using an automated dialing system or an artificial or prerecorded
10  voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

11       21.    This telephone call by Defendants or its agent(s), violated 47 U.S.C.
12  § 227(b)(1).

13                          **CLASS ALLEGATIONS**

14       22.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules
15  of Civil Procedure and/or other applicable law, on behalf of himself and all
16  others similarly situated, as a member of the proposed class (hereafter "The
17  Class") defined as follows:

18             All persons within the United States who received any
19             telephone calls from Defendant to said person's cellular
20             telephone made through the use of any automatic telephone
21             dialing system or an artificial or prerecorded voice and such
22             person had not previously provided express consent to
23             receiving such calls within the four years prior to the filing of
24             this Complaint

25       23.    Plaintiff represents, and is a member of the Class, consisting of All
26  persons within the United States who received any telephone call from
27  Defendant to said person's cellular telephone made through the use of any
28  automatic telephone dialing system or an artificial or prerecorded voice and such

person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

24.   Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

25.   This action is properly maintainable as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

26.   **Numerosity**:  The proposed Class is so numerous that individual joinder of all members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

27.   Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways:  Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

28.   **Common Questions of Law and Fact Predominate**:  There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the

Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof.  Common questions of fact and law include, but are not limited to, the following:

    (a)    Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    (b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for such violation;  and

    (c)    Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

29.    **Typicality**:  Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members.  The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

30.    **Adequacy of Representation**:  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

31.    **Superiority of Class Action**:  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings.  In sum,

for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class.  The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32.    Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

33.    Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct.  Defendant(s) have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. ET SEQ.)

### (Against All Defendants)

34.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

35.    The foregoing acts and omissions of Defendants constitute

numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

36. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (KNOWING AND/OR WILLFUL VIOLATION OF

### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ*.)

### (Against All Defendants)

38. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

39. The foregoing acts and omission of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

40. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. An order certifying this action as a class action and appointing

Plaintiff and his counsel to represent the Class;

      2.     For the first cause of action:

- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;
- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

3.      For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  September 9, 2014                Respectfully submitted,

By:      /s/ *Todd M. Friedman*

Todd M. Friedman (SBN 216752)
*tfriedman@attorneysforconsumers.com*
Suren N. Weerasuriya (SBN 278521)
*sweerasuriya@attorneysforconsumers.com*
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., Suite 725
Beverly Hills, California 90212
Telephone:  877-206-4741
Fax:  866-633-0228

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
KRISTENSEN WEISBERG, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

**CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF**

1

2

**DEMAND FOR JURY TRIAL**

3

Plaintiff hereby demands a trial by jury for all such triable claims.

4

5

Dated: September 9, 2014          Respectfully submitted,

6

By: /s/ *Todd M. Friedman*

7

8

Todd M. Friedman (SBN 216752)
*tfriedman@attorneysforconsumers.com*

9

Suren N. Weerasuriya (SBN 278521)
*sweerasuriya@attorneysforconsumers.com*

10

**LAW OFFICES OF TODD M. FRIEDMAN,**

11

**P.C.**
324 S. Beverly Dr., Suite 725

12

Beverly Hills, California 90212

13

Telephone: 877-206-4741
Fax: 866-633-0228

14

15

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*

16

David L. Weisberg (SBN 211675)

17

*david@kristensenlaw.com*

18

KRISTENSEN WEISBERG, LLP
12304 Santa Monica Blvd., Suite 221

19

Los Angeles, California 90025
Telephone: (310) 507-7924

20

Fax: (310) 507-7906

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF**